ALDEN HARLAN, appellant, *v.* NANCY SCOTT, appellee.

*Appeal from St. Clair.*

A motion to amend a bond on an appeal from a justice of the peace, in a case of forcible detainer, is addressed to the sound discretion of the Court, and its decision cannot be assigned for error.

(1) 1 Chit. Plead. 525.

The awarding of a writ of restitution upon the dismissal of an appeal, in a case of forcible detainer, is not error.

The proceedings in this cause were had in the Court below, at the August term, 1839, before the Hon. Sidney Breese.

J. Shields, for the appellant.

L. Trumbull, for the appellee, cited Acts of 1837, 120 ; Gale's Stat. 314 ; Forman 226, 241 ; Breese 264.

Lockwood, Justice, delivered the opinion of the Court :

This was originally an action for *forcible detainer* commenced by Scott against Harlan, before a justice of the peace, and brought by appeal into the Circuit Court of St. Clair county.

The appeal was, on motion of Scott's attorney, dismissed because no sufficient appeal bond had been filed by Harlan ; and the Court below further ordered that a writ of restitution be issued. It also appears that a cross motion was made by the appellant's counsel, to allow him to amend the appeal bond, which motion to amend was overruled by the Court.

The assignment of errors questions the correctness of the decisions below in overruling the appellant's motion to amend, and in ordering a writ of restitution.

The statute of forcible entry and detainer, although it authorizes appeals to the Circuit Court, makes no provision in case the bond be defective, to amend it or for filing a new bond. In the case of Crain *v.* Bailey *et al.*, decided at December term, 1836, (1) this Court held that " as the statute makes no provision for amending the bond, or filing a new bond, the application to do so was necessarily addressed to the discretion of the Court ; and the rule is well settled, that error cannot be assigned for the refusal of a bond to grant a motion addressed to its discretion." Whether the Circuit Court might not have permitted the appellant to file a new bond, is a question we are not called on to decide.

There is a striking incongruity in dismissing an appeal, and at the same time ordering that a writ of restitution should issue. It would doubtless have been more conformable to precedent and technical accuracy, on dismissing the appeal for irregularity, to have awarded a *procedendo* to the justice of the peace ; but this informality cannot in the least degree injure the appellant. Had a *procedendo* been ordered, the justice would have issued the writ of restitution, and the appellant would have been turned out of possession ; and that was all that could be done under the writ from the Circuit Court.

The language of the 5th section of the statute in relation to forcible entry and detainer, may justify the order to issue the writ. It is

(1) 1 Scam. 321.

as follows : " The Circuit Court, on giving judgment for the plaintiff, shall award a writ of restitution and execution for costs." (1) The legislature doubtless meant to authorize the Circuit Court to award the writ of restitution, where the Court gave judgment for the plaintiff, on the hearing of the cause on the merits ; yet the dismissal of the appeal was a judgment for the plaintiff, and the award of the writ, under the circumstances, is justified by the act.

The Court are consequently of the opinion that this informality, as it cannot prejudice the party, and is authorized by the letter of the statute, cannot be assigned for error.

The judgment of the Circuit Court is therefore affirmed with costs.

*Judgment affirmed.*

(1) R. L. 312-13; Gale's Stat. 314.